UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )   CRIMINAL NO. 05-27-B-W |
| ARTHUR MICHAEL KINSELLA, | ) |
| DEFENDANT | ) |
| | ) |
| | ) |

DEFENDANT'S MOTION FOR A BILL OF PARTICULARS
AND
MEMORANDUM IN SUPPORT

NOW COMES the Defendant, Arthur Michael Kinsella, by and through his attorney, Matthew S. Erickson, and moves this Honorable Court pursuant to Fed. Rule Crim. Proc. 7(f) and the Fifth and Eighth Amendments to the United States Constitution to direct the prosecution to file a Bill of Particulars. As grounds for this request, the defendant states that a Bill of Particulars is necessary to enable him to understand and prepare his defense against the conspiracy and other charges without prejudicial surprise at trial and to protect himself against double jeopardy.

The government should be required to state the following information in the Bill of Particulars:

1. The exact date, time and place when the defendant first participated in any overt act in support or furtherance of the claimed conspiracy alleged in count one of the indictment.

2. The exact date(s), time(s) and place(s) when defendant engaged in any subsequent overt act(s) in support of the claimed conspiracy alleged in count one of the indictment.

3. A precise description of the nature of any acts or statements defendant allegedly engaged in or uttered to further the alleged conspiracy. Include the name, address and phone number of each person present when such acts were committed.

4. Exactly how state or federal law enforcement officials determined the defendant was involved in a conspiracy. Produce all information or evidence supporting this belief.

5. The exact date, time and place when the conspiracy began. State the name, address and phone number of all persons present when the conspiracy began.

6. The exact date, time and place when\where the defendant joined in the conspiracy. State the name, address and phone number of all persons present when defendant joined the conspiracy.

    7. The precise quantity of oxycodone or other illegal substance, if any, defendant agreed or consented to distribute. State the date and location of each such alleged agreement. List the name, address and phone number of all persons present at each alleged agreement.

    8. The precise quantity of oxycodone or other illegal substance the conspirators distributed during the life of the conspiracy.

    9. Precisely describe the "conduct of co-conspirators in furtherance of the conspiracy, that was known to the defendant or was reasonably foreseeable."

    10. A precise description of information or evidence, including the name, address and phone number of all persons having knowledge, demonstrating that defendant "conspired" with anyone.

    11. Identify and provide addresses and phone numbers of all persons who were allegedly co-conspirators or involved in any continuing criminal enterprise with the defendant. Specify when they joined or left the conspiracy and exactly what their participation was.

    12. Specify whether the alleged conspiracy was express or implied on the part of defendant and each co-conspirator. If express, state the express agreement. If implied from acts, meetings or statements, describe them.

    13. The identity or a full or partial description of the "unknown persons" alleged to be part of the conspiracy.

MEMORANDUM IN SUPPORT

    The conspiracy count of this indictment (count one) is uncommonly vague. It is hard to imagine a case where a bill of particulars is more necessary. The failure of the government to furnish the information sought would be a denial of due process and a violation of the rights guaranteed by the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. See generally, United States v Birmley, 529 F.2d 108 (6th Cir. 1976); Cole v Arkansas, 333 U.S. 196 (1948); Chambers v Mississippi, 410 U.S. 295 (1973).

    The indictment contains vague allegations and fails to state with sufficient particularity the locations, dates, and times of specific acts or conduct relating to both the conspiracy and to amount of controlled substance Mr. Kinsella is alleged to have distributed. This information is necessary and essential to adequately inform Mr. Kinsella of the relevant conduct with which he is charged. Mr. Kinsella needs the additional information to adequately prepare to respond to these allegations.

    Fair notice is "the bedrock of any constitutionally fair procedure." Lankford v. Idaho, 500 U.S. 110, 111 S.Ct. 1723, 1729 (1991); In re Oliver, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of the charge against him and an opportunity to be heard in his defense -- a right to his day in court -- are basic in our system of jurisprudence."). Due process requires notice which includes disclosure of "the specific issues [the defendant] must meet." *In re* Gault, 387 U.S. 1, 33-34 (1967).

The purpose of a bill of particulars is to enable the defendant to prepare his defense and to avoid prejudicial surprise at trial. United States v. Butler, 262 U.S. App. D.C. 129, 822 F.2d 1191 (1987).

WHEREFORE, the defendant respectfully requests this Court to order the prosecution to file a Bill of Particulars on the above items immediately.


Dated: May 26, 2004                    /s/ Matthew S. Erickson
                                   Matthew S. Erickson
                                   Attorney for Defendant
                                   State Bar No. 8023
                                   Post Office Box 682
                                   Bangor, Maine  04402-0682
                                   (207) 941-2333
                                   matterickson@verizon.net

## CERTIFICATE OF SERVICE

      I hereby certify that on May 26, 2005, I electronically filed Defendant's Motion to Extend Time with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

DANIEL J. PERRY dan.perry@usdoj.gov

                                            /s/ Matthew S. Erickson
                                            Matthew S. Erickson
                                            Attorney for Defendant
                                            State Bar No. 8023
                                            Post Office Box 682
                                            Bangor, Maine  04402-0682
                                            (207) 941-2333
                                            matterickson@verizon.net