UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-27-B-W |
| | ) | |
| ARTHUR MICHAEL KINSELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

Defendant Michael Kinsella[1] filed a Motion for Bill of Particulars, claiming greater specificity in the Superseding Indictment is necessary for him to understand and prepare a defense against the pending charges. Because the Superseding Indictment informs Mr. Kinsella of the elements of the crimes, enlightens him as to the nature of the charges he must defend, and enables him to plead double jeopardy to bar future prosecutions for the same offenses, this Court denies the Motion.

**I.   STATEMENT OF FACTS**

On April 12, 2004, Michael Kinsella was charged in a two count Indictment. (Docket # 16). Count I alleged a violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to possess with the intent to distribute oxycodone, and Count II charged a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, possession with the intent to distribute cocaine or aiding and abetting the commission of that crime. Each count alleged the penalty provisions of 21 U.S.C. § 841(b)(1)(C) applied. Mr. Kinsella was arraigned on April 19, 2005 and pleaded not guilty. (Docket # 19).

---

[1] The Defendant was indicted as Arthur Michael Kinsella, a/k/a Michael Kinsella, and has filed pleadings under the name Michael Kinsella. This decision adopts Mr. Kinsella's preferred first name.

On May 26, 2005, Mr. Kinsella filed a Motion for Bill of Particulars. (Docket # 42). In the Motion, he argued the conspiracy count of the Indictment (Count I) was "uncommonly vague," and it failed to state with sufficient particularity the locations, dates, and times of specific acts or conduct relating to both the conspiracy and amount of oxycodone he is alleged to have distributed. *Motion* at 2. Mr. Kinsella listed thirteen specific requests for information relating to the Indictment, including, *inter alia,* the date, time and place when the conspiracy began; information of any overt acts committed by the defendant in furtherance of the conspiracy; the names, addresses and phone numbers of all persons present during any acts committed by the defendant or who were co-conspirators or involved with any continuing criminal enterprise with the defendant; and, the precise quantity of oxycodone distributed during the conspiracy. *Id.* at 1.

The Government objected on June 29, 2005, arguing that the Indictment charged a drug conspiracy during a specific time frame and noting that it has provided full discovery under Fed. R. Crim. P. 16. (Docket # 47). On July 12, 2005, the Grand Jury issued a Superseding Indictment charging Mr. Kinsella with the same two counts in the original Indictment, but extending by six months the length of the conspiracy. (Docket # 51).

The Superseding Indictment states:

Count One

> Beginning on a date unknown, but not later than January 2003 and continuing until a date unknown, but no earlier than December 21, 2004, in the District of Maine and elsewhere, defendant Arthur Michael Kinsella knowingly and intentionally conspired with persons known and unknown to commit offenses against the United States, namely, distribution and possession with intent to distribute a mixture or substance containing oxycodone.
>
> In violation of Title 21, United States Code, Sections 846 and 841(a)(1). It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

Count Two

On about March 19, 2005, in the District of Maine, defendant Arthur Michael Kinsella did intentionally and knowingly possess with intent to distribute a quantity of oxycodone (OxyContin), a Schedule II controlled substance, and did aid and abet in the commission of that crime.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. It is further alleged that the penalty provisions of Title 21, United States Code, Section 841(b)(1)(C) apply to the conduct described herein.

Mr. Kinsella responded on July 15, 2005, contending that although the Government had provided additional discovery relating to the Superseding Indictment, it had not provided the information requested in the Motion for a Bill of Particulars. (Docket # 57).

## II. DISCUSSION

Rule 7(c) governs the nature and contents of an indictment. Fed. R. Crim. P. 7(c). It requires the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* In general, an indictment is sufficiently particular "if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993), *cert. denied* 512 U.S. 1223 (1994); *see Hamling v. United States,* 418 U.S. 87, 117 (1974). In *Hamling,* the Supreme Court wrote that it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling,* 418 U.S. at 117 (quoting *United States v. Carll,* 105 U.S. 611, 612 (1882)). The language of the statute may be used in a general description of the offense, but "it must be accompanied with such a statement of the facts and

3

circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* at 117-18 (quoting *United States v. Hess,* 124 U.S. 483, 387 (1888)).

Similarly, the purpose of a bill of particulars is "to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989) (citations omitted). To be successful, a defendant must show he lacked a "fair opportunity to prepare a defense." *United States v. Nelson-Rodriguez*, 319 F.3d 12, 31 (1st Cir. 2003). The First Circuit requires a showing of "actual prejudice" from the indictment's lack of specificity; namely, "specific evidence or witnesses that the lack of particularization prevented him from obtaining." *United States v. Arboleda,* 929 F.2d 858, 869 (1st Cir. 1991). An indictment that "provides a temporal framework" for the charge is sufficient, and "open-file" discovery may obviate the need for greater specificity. *Sepulveda*, 15 F.3d at 1192, 1193. Finally, although allowed under Fed. R. Crim. P. 7(f), motions for bills of particulars are seldom employed in modern federal practice. *Sepulveda,* 15 F.3d at 1192; *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992).

Here, Count One of the Superseding Indictment informs Mr. Kinsella: (1) the date – at the latest – the Government claims he began the conspiracy; (2) the date – at the earliest – the Government claims he stopped the conspiracy; (3) the place – within the District of Maine – the Government claims he committed a portion of the conspiracy; (4) the drug – oxycodone – the Government claims Mr. Kinsella conspired to deal; (5) the state of mind – knowing and intentional – that the Government claims Mr. Kinsella possessed; (6) the general modus operandi – a conspiracy – of the crime; (7) the statutory provisions – 21 U.S.C. § 841(a)(1) & 846 – that

the Government claims he violated; and, (8) the penalty provision – 21 U.S.C. § 841(b)(1)(C) – that the Government claims applies.

Similarly, Count Two of the Superseding Indictment informs Mr. Kinsella: (1) the date – March 19, 2005 – the Government alleges Mr. Kinsella committed the crime; (2) the place – within the District of Maine – the Government alleges he committed the crime; (3) the drug – oxycodone (Oxycontin) – the Government alleges he possessed with the intent to distribute; (4) the state of mind – knowing and intentional – that the Government claims Mr. Kinsella possessed; (5) the general modus operandi – either sole possession or aiding and abetting – of the crime; (6) the statutory provisions – 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 - the Government claims he violated; and, (7) the penalty provision – 21 U.S.C. § 841(b)(1)(C) – the Government claims applies.

Further, the Government asserts it has supplied Mr. Kinsella with "full discovery under Rule 16 and *Brady/Giglio*" and that this information outlines "the general nature of the evidence that is expected to be produced at trial." *Gov't's Obj. to Def.'s Mot. for Bill of Particulars* at 1. By its shorthand reference to *Brady/Giglio*, the Government represented it provided Mr. Kinsella with "evidence favorable to an accused… where the evidence is material either to the guilt or to punishment….," *United States v. Brady,* 373 U.S. 83, 87 (1963), including "evidence affecting credibility." *Giglio v. United States,* 405 U.S. 150, 154 (1972). On the other hand, the Government's disclosure obligations are circumscribed by the Jencks Act. 18 U.S.C. § 3500; *see Sepulveda,* 15 F.3d at 1193 ("Here, both appellants enjoyed the benefits of modified open-file discovery, i.e. automatic discovery that encompassed all relevant data except Jencks Act material 0elated to witnesses not employed in law enforcement.").

Mr. Kinsella's detailed list of thirteen items of desired information is more properly a specificity of discovery issue under Rule 16, not a specificity of indictment issue under Rule 7. Furthermore, the Government's temporal specifications in the Indictment are sufficiently narrow to allow Kinsella to prepare a defense without surprise. *See Paiva*, 892 F.2d at 155. Finally, although Kinsella argues the Government must disclose exact dates, times, and places when he participated in any overt act in support or furtherance of the conspiracy, the First Circuit has held that § 846 does not require the Government to plead or prove any overt act in furtherance of a conspiracy. *Id.*

The Superseding Indictment elucidates the elements of each crime Mr. Kinsella is charged with and enlightens him as to the nature of the charges against which he must defend. Mr. Kinsella has not demonstrated he lacks a fair opportunity to prepare a defense. The Defendant's Motion for Bill of Particulars is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2005