UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-27-B-W |
| | ) | |
| ARTHUR MICHAEL KINSELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED AS A RESULT OF SEARCH AND SEIZURE**

The defendant, Arthur Michael Kinsella, by and through his attorney, respectfully moves the Court pursuant to Rule 12, Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution to suppress any physical evidence obtained as a result of a search and seizure of Mr. Kinsella's person, the car he was driving, or any packages or containers therein on March 19, 2005 on the following grounds:

1.  There was no search warrant authorizing the search of the car; and

2.  The searches and seizures on that date were conducted not only without warrant, but also without probable cause, reasonable suspicion, or valid consent and under no exigent circumstances.

That this motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

# FACTUAL BASIS FOR MOTION

The van which Arthur Michael Kinsella was driving, and in which his mother was a passenger, was stopped by show of authority on March 19, 2005 due to a perceived violation of traffic laws, that being a surmise that Mr. Kinsella was following the vehicle in front of him too closely. No ticket nor any warning was issued due to the perceived traffic infraction.

Before the stopping officer either informed Mr. Kinsella that the purpose of the stop had been completed, and without developing any further information that illegal activity may be afoot, the officer extended the scope and purpose of the stop and requested permission to search the car. Because such inquiry was not closely related to the purpose of the original stop and because no other reasonable suspicion arose to allow the extended detention, and because Mr. Kinsella was not informed that he was free to leave and a reasonable person would not have believed he was free to leave under the circumstances, any consent obtained was invalid as being the result of illegal detention.

Dated: November 13, 2007

Respectfully submitted,

*/s/ Virginia G. Villa*

VIRGINIA G. VILLA
Assistant Federal Defender
Key Plaza-Second Floor
23 Water Street
Bangor, ME 04401
(207) 992-4111
Virginia_Villa@fd.org

Attorney for Defendant

Certificate of Service

I hereby certify that on November 13, 2007, I electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joel Casey, Assistant U.S. Attorney,

and I hereby certify that on November 13, 2007, I have filed by United States Postal Service, the documents to the following non-registered participant:

Arthur Michael Kinsella.

/s/ *Virginia G. Villa*
Assistant Federal Defender
Key Plaza, Second Floor
23 Water Street
Bangor, ME 04401
207-992-4111
Virginia_Villa@fd.org