UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 05-27-B-W |
| | ) |
| ARTHUR MICHAEL KINSELLA, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR SEVERANCE
## OF COUNTS WITH MEMORANDUM

Defendant by his attorney, moves the Court pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order directing severance of counts as to the defendant on the grounds that:

1. Counts 1, 2, and 3 of the Second Superseding Indictment are not properly joined together under Rule 8(a) of the Federal Rules of Criminal Procedure.

2. The defendant's Fifth Amendment right not to incriminate himself will be jeopardized by the joinder of the counts as Mr. Kinsella may wish to testify as to some of those counts, but not to others.

3. Evidence which would be inadmissible were the counts tried separately, may be admitted and considered by the jury to the prejudice of the defendant.

4. The jury will have insurmountable difficulty distinguishing evidence presented on one count from that evidence presented on the other counts, and will inevitably consider the evidence cumulatively.

5. The defendant will obtain a fair and more impartial trial if he is tried separately on Count 3.

This motion is based on the indictment, the records and files in the above entitled action, and any and all other matters which may be presented prior to or at the time of the hearing on said motion.

## MEMORANDUM

Mr. Kinsella originally was charged with Conspiracy to distribute and possess with intent to distribute Oxycodone in the State and District of Maine from January, 2003 to June, 2004 (Count 1), and with possession with intent to distribute Oxycodone on March 19, 2005 (Count 2). A two-count Superseding Indictment was filed which changed the dates of the conspiracy alleged in Count 1 to January 2003 to December, 2004. A Second Superseding Indictment was entered which added Count 3, failure to appear, to the mix.

Rule 8(a) of the Federal Rules of Criminal Procedure allow the joinder of offenses where such offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Because the time period alleged in Count 1 does not cover the time period alleged in Count 2, Count 2 presumably is not part of any "common scheme or plan" to distribute or possess with intent to distribute Oxycodone. Neither can they practically be part of the "same act

or transaction." Further, they are not "of the same character" because Count 1 is an inchoate crime, punishing an illegal agreement to distribute and to possess with intent to distribute Oxycodone, whereas Count 2 is a substantive crime. There is no indication in the Second Superseding Indictment that the actors or evidence as to these alleged offenses would overlap, or would be admissible if these counts were tried separately. Because there is no apparent nexus to connect them, they are not properly joined under Rule 8(a).

Count 3 charges a different type of crime than do Counts 1 and 2. Mr. Kinsella's actual guilt as to Counts 1 and 2 largely is irrelevant as to Count 3, because he may be found guilty of that count even if he is found to be not guilty of Counts 1 and 2. Therefore, none of the evidence as to his non-appearance should be admissible with reference to Counts 1 and 2, and evidence that would otherwise be inadmissible as to a trial of Count 3 may be rendered admissible if evidence of that crime is admitted at the trial of Counts 1 and 2.

This latter conundrum presents a severance issue pursuant to Rule 14 of the Federal Rules of Criminal Procedure, due to the evidentiary problem inclusion of Count 3 in the trial of Counts 1 and 2 presents. Normally, the reasons why a defendant may not have appeared, if such non-appearance is otherwise voluntary, is irrelevant and inadmissible at trial. *See e.g. United States v. Veilleux*, 40 F.3d 9, 10 (1st Cir. 1994)(holding that trial court was justified in excluding his proffered excuse for non-appearance for prior sentencing as to allow evidence beyond those reasons outlined in 18 U.S.C. § 3146(c) would "practically put appearance for sentencing on a voluntary basis").

In this case, the only reason that evidence of Mr. Kinsella's non-appearance for his originally scheduled trial on Counts 1 and 2 could come in would be to establish a "consciousness of guilt" as to those counts and would then constitute evidence under Federal Rule of Evidence 404(b). However, at this point, Mr. Kinsella would not be fighting the fact of his non-appearance, but his *reason* for non-appearance. In so doing, he would then presumably be entitled to bring in all of the evidence of psychological duress levied against him by government agents which otherwise would not be admissible. Because the result of allowing evidence of one at the trial of the other would create a mini-trial on peripheral issues, leading to confusion of the issues to be resolved by the jury, such evidence would not be admissible as the evidence of flight would be more prejudicial than probative. Hence, a severance of Count 3 is appropriate in this case.

Dated: November 13, 2007

Respectfully submitted,

/s/ Virginia G. Villa
_____
VIRGINIA G. VILLA
Assistant Federal Defender
Key Plaza-Second Floor
23 Water Street
Bangor, ME  04401
(207) 992-4111
Virginia_Villa@fd.org

Attorney for Defendant

Certificate of Service

I hereby certify that on November 13, 2007, I electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joel Casey, Assistant U.S. Attorney,

and I hereby certify that on November 13, 2007, I have filed by United States Postal Service, the documents to the following non-registered participant:

Arthur Michael Kinsella.

/s/ Virginia G. Villa
Assistant Federal Defender
Key Plaza, Second Floor
23 Water Street
Bangor, ME 04401
207-992-4111
Virginia_Villa@fd.org