# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Criminal No. 05-27-B-W |
| ARTHUR MICHAEL KINSELLA, | ) |
| Defendant. | ) |

## MOTION IN LIMINE OF THE UNITED STATES TO EXCLUDE AFFIRMATIVE DEFENSE OF UNCONTROLLABLE CIRMCUMSTANCES

**NOW COMES** the United States of America, by and through its attorneys, Paula D. Silsby, U.S. Attorney for the District of Maine, and James M. Moore, Assistant U.S. Attorney, and hereby files its motion in limine to exclude the defendant's assertion uncontrollable circumstances prevented him from appearing as required. Specifically, the Government moves to exclude any reference in defense counsel's opening and closing statements and all evidence relating to defendant's contentions that an overly aggressive investigation, prosecution or behavior on the part of government officials created an uncontrollable circumstance. In addition, the United States asserts that the Court should decline any request from the defendant to charge the jury that "uncontrollable circumstances" existed within the meaning of 18 U.S.C. § 3146©.

Defendant Arthur Michael Kinsella has been charged in the third count of an indictment with a failure to appear before a court as required by the conditions of his release in violation of 18 U.S.C. § 3146(a)(1). In seeking severance of drug charges – Counts One and Two – from the third count, the defendant claimed that he failed to appear because "of psychological duress

levied against him by government agents" and "fear of overreaching from the prosecutor." *See Def.'s Motion for Severance* at 4 and *Def.'s Reply* at 1. In an Order on the Motion for Severance, the Court summarized the defendant's allegations of an overly zealous prosecution:

> He claims that an Assistant United States Attorney called him a "criminal" in court and falsely accused him of smuggling cocaine into the United States and attempting to smuggle drugs into the Penobscot County Jail. *Def.'s Reply Attach. 1* at 1. He also claims that one of the Drug Enforcement Agency agents told him that if he did not admit to dealing drugs, they would arrest his mother, and repeatedly referred to him as a "dumb Canuck." *Def.'s Reply Attach. 2* at 2. He further alleges that as he was ushered to his cell block in the Penobscot County Jail, a guard hollered out, "fresh meat," and while *en route* to Canada, following his release on bail conditions, his vehicle was repeatedly stopped by Maine State Troopers. *Id.* at 2-4. He also asserts that he was subjected to repeated harassment at United States Customs whenever he attempted to cross the border. *Id.* He has presented the affidavit of his Canadian solicitor, who advised him not to return to the United States for trial, because "these matters would likely be unfair." *Def.'s Reply Attach. 1* at 1-2.

In order to assert an affirmative defense to a prosecution for failing to appear before a court as required, the defendant must show that "uncontrollable circumstances" prevented him from appearing, that he did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear, and that the person surrendered as soon as such circumstances ceased to exist. 18 U.S.C. § 3146©. The circumstances under which this defense may be asserted are strictly limited and divided into two categories – physical and mental. United States v. Veilleux, 40 F.3d 9, 10 (1st Cir. 1994); *see also* United States v. Odufowora, 814 F.2d 73, 74 (1st Cir. 1987) (fear of deportation not "uncontrollable circumstance" justifying failure to appear). In the absence of any assertion that the defendant was physically prevented from appearing, he must show he was subjected to mental "circumstances" or uncontrollable duress which was "sufficient to produce an unavoidable fear of serious bodily injury or death." United

2

States v. Veilleux, 40 F.3d at 10.

Applying the analysis set forth in the Veilleux case to the facts proffered by the defendant, the reasons for his non-appearance are inadmissible because his claims do not meet the legal standard for the affirmative defense. In Veilluex, the First Circuit rejected the defendant's claim that his loss of faith in the judicial system or an improper sentence was an uncontrollable circumstance. *Id.* at 10. As noted by the Court in its *Order on Defendant's Motion for Severance of Counts*, the excuse made by defendant Kinsella is similar to the defense asserted by Veilleaux and would not be admissible. *Order* at 7-8. Kinsella did not suffer any serious bodily injury, fear of such injury or duress. If loss of faith in the system or fear of an improper sentence could justify a failure to appear, "[t]his would practically put appearance . . . on a voluntary basis." Veilleux, 40 F.3d at 10. In the absence of any credible evidence that the defendant is capable of meeting the legal standard set forth in § 3146©, the Court must exclude any reference in defense counsel's opening and closing statements as well as any evidence or proposed jury instruction relating to defendant's contentions that uncontrollable circumstances prevented him from appearing.

**WHEREFORE**, the United States respectfully requests that this Honorable Court enter an Order excluding any argument, evidence and jury instruction relating to the affirmative defense set forth in 18 U.S.C. § 3146©. In the alternative, the government seeks a hearing sufficiently in advance of any trial to determine whether the defendant is capable of meeting his burden of proving the existence of the uncontrollable circumstances which are necessary.

Dated at Bangor, Maine this __31st__ day of March, 2008.

        Respectfully submitted,

        PAULA D. SILSBY
        United States Attorney

By:**/s/ JAMES M. MOORE**

JAMES M. MOORE
Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the Motion in Limine of the United States with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Virginia G. Villa, Esq.
Virginia_Villa@fd.org; Patricia_Lane@fd.org

Paula D. Silsby
United States Attorney

**/s/ James M. Moore**

Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Suite111
Bangor, Maine 04402
Tel: (207) 945 - 0373
jim.moore@usdoj.gov