UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-27-B-W |
| | ) | |
| ARTHUR MICHAEL KINSELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE AFFIRMATIVE DEFENSE OF UNCONTROLLABLE CIRCUMSTANCES**

On March 31, 2008, the United States moved *in limine* to exclude Arthur Michael Kinsella's affirmative defense of uncontrollable circumstances to the charge of failure to appear, an alleged violation of 18 U.S.C. § 3146(a).  *Mot.* in Limine *of the United States to Exclude Affirmative Defense of Uncontrollable Circumstances* (Docket # 119).  Specifically, the Government seeks to exclude "any reference in defense counsel's opening and closing statements and all evidence relating to defendant's contentions that an overly aggressive investigation, prosecution or behavior on the part of government officials created an uncontrollable circumstance" and seeks to exclude any jury instructions on the defense.  *Id.* at 1.

Subsection 3146(c) establishes the affirmative defense of "uncontrollable circumstances" to a failure to appear charge.  18 U.S.C. § 3146(c).  The Court previously discussed, however, the First Circuit limitations on the availability of the uncontrollable circumstances affirmative defense.  *United States v. Kinsella*, 530 F. Supp. 2d 356, 361-62 (D. Me. 2008).  In *Veilleux*, the First Circuit stated that a defendant may raise an uncontrollable circumstance affirmative defense for either physical or mental reasons.  *United States v. Veilleux*, 40 F.3d 9, 10 (1st Cir. 1994).  *Veilleux* describes the first category as "physical prevention"; it describes the second category as "duress," which is "sufficient to produce an unavoidable fear of 'serious bodily injury or death.'"

*Id.* *Veilleux* clarifies that a loss of faith in the judicial system would "not justify a failure to appear," because it would "practically put appearance . . . on a voluntary basis." *Id.*

Without information about whether Mr. Kinsella intends to press an uncontrollable circumstances defense and, if so, what evidence he would produce to support it, the Court cannot exclude the possibility that *Veilleux* would allow its assertion. However, the Court GRANTS the Government's motion in part. If Mr. Kinsella presents an "uncontrollable circumstances" defense, he must be prepared to present evidence consistent with the First Circuit limitations.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2008