UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-27-B-W |
| | ) | |
| ARTHUR MICHAEL KINSELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON CROSS-EXAMINATION OF CHARACTER WITNESSES**

The Court grants the Defendant's motion *in limine* in part and rules that, if a proper foundation is established, character evidence may be admissible. The Court further describes the process by which character evidence may be admitted and cross-examined under Rule 405(a) and requires the prosecutor to approach the Court before cross-examining on specific instances of bad conduct.

**I.     STATEMENT OF FACTS**

Arthur Michael Kinsella is proceeding to trial on the charge that, after being allowed to return to Canada on the condition that he appear as necessary at future court proceedings, he willfully failed to appear at his arraignment, an alleged violation of 18 U.S.C. § 3146(c). In its trial brief, the Government raises the question as to the scope of permissible cross-examination of the Defendant's character witnesses. *Government's Trial Br.* at 6-7 (Docket # 120). The Government stated that it "anticipates that the defendant will seek to introduce character evidence and request a jury instruction regarding his alleged reputation for honesty, lawfulness or integrity in the community." *Id.* at 6. The Government objects to the admissibility of such character evidence, but if allowed, it seeks a ruling that would allow it on cross-examination to rebut this evidence with "evidence of bad character pursuant to Rule 404(a)(1) of the Federal Rules of Evidence." *Id.* at 7. Mr. Kinsella is currently under indictment on two drug charges

and the Government seeks to cross-examine the character witnesses on their knowledge of "the defendant's history in Canada and his distribution and possession with intent to distribute oxycodone and Oxycontin." *Id.*.

After the Government filed its trial brief, Mr. Kinsella moved *in limine* to "supervise closely the prosecutor's cross-examination of reputation witnesses (as opposed to opinion witnesses) regarding specific acts of misconduct." *Mot.* in Limine at 1 (Docket # 127) (*Def.'s Mot.*). Mr. Kinsella reveals that he intends to present evidence that he holds a good reputation for lawfulness in his community and he cites First Circuit law as holding such evidence generally admissible in a criminal case. *Id.* (citing *United States v. Angelini*, 678 F.2d 380, 382 (1st Cir. 1982)). However, Mr. Kinsella contends that to allow the Government to question character witnesses about specific bad acts would create an "obvious prejudice." *Def.'s Mot.* at 2. He says that before the Government may cross-examine on specific bad acts, it must "demonstrate a good faith factual basis for the incidents . . . [and] the incidents must be relevant to the character traits at issue in the case." *Id.* (quoting *United States v. Monteleone*, 77 F.3d 1086, 1090 (8th Cir. 1996)). He argues that the "specific instances of illegal conduct to which the Government refers in its trial brief appear to be suspicions held by the local constabulary regarding associations Mr. Kinsella may have had with others who are violating certain laws, but the exact nature of the information is uncertain." *Id.* at 3.

## II. DISCUSSION

Rule 404 creates an exception to the general exclusion of character evidence, when the evidence is "of a pertinent trait or character offered by an accused." Fed. R. Evid. 404(a)(1); *see also Monteleone*, 77 F.3d at 1089 (describing the modern rules governing the admissibility of character evidence as "counterintuitive and enigmatic vestiges of an ancient time"). The First

Circuit has stated that evidence of a defendant's character as a law-abiding person is admissible "[w]ith very few exceptions." *Angelini*, 678 F.2d at 382. *Angelini* explained that "[e]vidence that [a defendant] was a law-abiding person would tend to make it less likely that he would knowingly break the law." *Id.* at 381. This inference is equally applicable in this case, where the Government is alleging that Mr. Kinsella willfully failed to appear at his arraignment. The Court overrules the Government's objection to the admissibility of reputation evidence.

A defendant introduces reputation evidence at a price. In cases where evidence of a person's character is admissible, Rule 405 provides that "[p]roof may be made by testimony as to reputation or by testimony in the form of an opinion."[1] Fed. R. Evid. 405(a). But, Rule 405 also allows inquiry on cross-examination "into relevant specific instances of conduct." *Id.* Whether cross-examination on "specific instances of conduct" is allowable under Rule 405(a) differs from whether prior bad acts would be admissible under Rule 404(b). *See United States v. Varoudakis*, 233 F.3d 113, 118-19 (1st Cir. 2000).

The seminal case on Rule 405 is *Michelson v. United States*, 335 U.S. 469 (1948). In *Michelson*, the Supreme Court noted that under common law, the Government may not produce "any kind of evidence of a defendant's evil character to establish a probability of his guilt." *Id.* at 475. However, the line of inquiry "firmly denied to the State is opened to the defendant because character is relevant in resolving probabilities of guilt. He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Id.* at 476. But, the "price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him."

---

[1] It appears from Mr. Kinsella's motion that he seeks to admit reputation evidence, not opinion evidence. *Def.'s Mot.* at 1 (asking the court "to supervise closely the prosecutor's cross examination of reputation witnesses (as opposed to opinion witnesses)").

*Id.* at 479.  The defendant's witness is "subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions . . . ."  *Id.*  This process "subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans."  *Id.*

A defendant is thus permitted to call a witness, establish his contemporaneous and relevant knowledge of the defendant's reputation, and elicit a favorable response.[2]  *See United States v. Franklin*, 471 F.2d 1299, 1301 (5th Cir. 1973).  He is not permitted to ask questions about specific instances of good conduct or about specific character traits.  *Michelson*, 335 U.S. at 477 ("The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental and moral traits . . . .").

On cross-examination, the Government may inquire about specific instances of bad conduct; in Franklin's case, for example, his alleged possession of a truckload of stolen light bulbs.[3]  2-405 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 405.03 (Joseph M. McLaughlin ed., 2nd ed. updated Feb. 19, 2008) ("On cross-examination, however, the prosecution may ask defendant's character witnesses whether they have heard about or know about specific acts committed by defendant in order to test their knowledge and standards for good reputation.").

---

[2] *Franklin* describes direct-examination:
>    Q.  All right, sir.  Do you know-well, tell me how long you have known Mr. Franklin, here, please sir?
>    A.  Approximately two and a half years.
>    Q.  Do you know his reputation in the community in which he lives and which he does business?
>    A.  I know of his business with our community and it has been excellent.  We have extended considerable amount of credit which has been satisfactory.
>    Q.  All right, sir.  As far as his reputation and what you know of it, what would be your answer?
>    A.  Excellent.

*Franklin*, 471 F.2d at 1301 n.2.

[3] *Franklin* describes cross-examination:
>    Q.  Your reputation-your comments about his reputation-sir, were strictly with your business dealings with him, is that correct?
>    A.  Yes, sir.
>    Q.  Have you heard, sir, that Mr. Franklin back here had a truckload of light bulbs in his possession?

*Franklin*, 471 F.2d at 1301 n.2.

The commentators to Rule 405 describe the process. *See* Fed. R. Evid. 405, commentary by S.A. Saltzburg, D.J. Capra, & M.M. Martin (Lexis 2008). A prosecutor asks, for example, "Have you heard that the defendant committed a murder three years ago?" *See Sec. and Exch. Comm'n v. Peters*, 978 F.2d 1162, 1169-70 (10th Cir. 1992).

> If the witness has not heard of it, then an implication is created that he is not sufficiently qualified to attest to the defendant's reputation in the community. If the witness has heard about the specific act, and still testifies to the defendant's good reputation in the community, then an implication is created that the community itself is suspect, or that the witness is lying about the good reputation.

*Id.* The specific acts must be relevant to the offense and the Government must have a good faith basis for the incidents. *Monteleone*, 77 F.3d at 1090. The admission of Rule 405(a) evidence is often accompanied by a limiting instruction.

Here, the Defendant is unaware precisely what specific instances the Government intends to use on cross-examination. With this explanation for the process in mind, the better practice is for Government's counsel to approach the Court before engaging in cross-examination and to describe his good faith basis for asking the question and the relevance to the underlying case.

### III.  CONCLUSION

The Court grants the Defendant's motion *in limine* in part. If the Defendant establishes a proper foundation for character evidence, the Court will allow witnesses to testify under Rule 405(a). Before the Government cross-examines on any specific instance of bad conduct, it must approach the Court and explain its good faith basis for the question and its relevance to the underlying case.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2008