UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-27-B-W |
| | ) | |
| ARTHUR MICHAEL KINSELLA | ) | |

### ORDER ON DEFENDANT'S MOTION IN LIMINE REGARDING EVIDENCE OF FLIGHT

Facing trial on drug trafficking charges, Arthur Michael Kinsella moves *in limine* to exclude evidence of his flight while on bail. The Court denies Mr. Kinsella's motion for wholesale exclusion and reserves for trial its final determination.

**I.   STATEMENT OF FACTS**

On March 19, 2005, Arthur Michael Kinsella, a Canadian citizen, was arrested in the United States on drug trafficking charges, and on April 12, 2005, a federal grand jury indicted him for engaging in a conspiracy to distribute controlled substances and possession with the intent to distribute controlled substances. *Indictment* (Docket # 16). On April 16, 2005, Mr. Kinsella pleaded not guilty. *Minute Entry* (Docket # 19). On May 10, 2005, Mr. Kinsella requested permission to live in Canada pending trial, *Def.'s Mot. to Modify Conditions of Release* (Docket # 32); on the same day, the Court granted the motion and issued an Amended Order Setting Conditions of Release, mandating that he appear, as required, at the United States District Court in Bangor. *Am. Order Setting Conditions of Release* (Docket # 33).

On July 12, 2005, a federal grand jury returned a two-count superseding indictment, re-charging Mr. Kinsella with the same crimes alleged in the original indictment, but changing the duration of the alleged conspiracy. *Superseding Indictment* (Docket # 51). After an extension

due to Mr. Kinsella's inability to pay to travel to Bangor, the Court scheduled Mr. Kinsella's arraignment on the superseding indictment for August 2, 2005.

August second arrived; Mr. Kinsella did not. *See United States v. Benedetti*, 433 F.3d 111, 114 (1st Cir. 2005). The Court issued a bench warrant for his arrest; Mr. Kinsella was arrested in Canada and resisted extradition. *Order* (Docket # 62). After a delay of nearly two years, he was extradited to the United States and rearrested. *Arrest Warrant Returned* (Docket # 74). On November 9, 2005, a federal grand jury returned a three-count second superseding indictment, charging Mr. Kinsella with the same drug trafficking counts, but adding a third count, alleging that he failed to appear, a violation of 18 U.S.C. § 3146(a)(1). *Second Superseding Indictment* (Docket # 66).

On November 13, 2007, Mr. Kinsella moved for severance, asking that the drug trafficking counts be severed from the failure to appear charge. *Def.'s Mot. for Severance of Counts with Mem.* (Docket # 84). On January 11, 2008, the Court granted the motion. *Order on Def.'s Mot. for Severance of Counts* (Docket # 98) (*Order on Severance*). On April 9, 2008, trial proceeded on the failure to appear count and on April 10, 2008, Mr. Kinsella was found guilty. *Verdict Form* (Docket # 152). Mr. Kinsella now faces trial, to begin August 11, 2008, on the drug trafficking charges. On July 14, 2008, Mr. Kinsella moved *in limine* to exclude evidence of flight; the Government objects. *Mot in Limine Re Flight Evidence* (Docket # 169) (*Def.'s Mot.*); *Government's Objection to Def.'s Mot. in Limine Re Flight Evidence* (Docket # 173) (*Govt.'s Ob.*).

Mr. Kinsella says that the reason he did not return to the United States and resisted extradition was that he was afraid he would be unable to obtain a fair trial. *Def.'s Mot.* at 1. To

buttress his claim, he points to a number of incidents.[1]  First, he says that after his initial arrest, he and his mother were harassed by police officers on their return trip to Canada; he maintains he was repeatedly stopped nominally for traffic violations that never resulted in any citations.  *Id.* at 2.  Further, he believed that Assistant United States Attorney Daniel Perry was going to fabricate evidence against him.  *Id.*  Specifically, Mr. Perry told Matthew Erickson, Mr. Kinsella's former attorney, that Mr. Kinsella had solicited another to bring cocaine into the Penobscot County Jail and he also claims that Mr. Perry perpetrated a joke on Mr. Erickson, telling him falsely that Mr. Kinsella had been arrested at the Canadian border attempting to smuggle cocaine into the United States.  *Id.*; *see Def.'s Reply Attach.* 1, 2.

## II.    DISCUSSION

### A.    The Parties' Contentions

Citing Rule 403, Mr. Kinsella argues that the prejudicial impact of his flight would exceed its probative value and urges its wholesale exclusion from evidence at trial.  *Id.* at 1; Fed. R. Evid. 403.  Mr. Kinsella acknowledges that evidence of flight may be admissible if the Government establishes an adequate predicate, but he argues that to establish such a predicate, the Government must demonstrate that the flight suggests consciousness of guilt.  *Def.'s Mot.* at 3.  Failing outright inadmissibility, he urges the Court to disallow evidence of flight during the Government's case-in-chief and to consider allowing the government to present such evidence only if Mr. Kinsella fails to "undermine the facial validity of the Government's case through additional evidence . . . ."  *Id.*  at 4.  The Government responds that it will not rely solely upon

---

[1] There are slight variances between what Mr. Kinsella detailed in his motion to sever and what he wrote in the pending motion.  *Compare Def.'s Reply to Government's Opp'n to Mot. for Severance* (Docket # 92) (*Def.'s Reply*); *Def.'s Reply Attach.* 1; *Def.'s Reply Attach.* 2*, with Def.'s Mot.* at 2-3.  The pending motion references the affidavits that were filed during the extradition proceeding and re-filed on the motion to sever and, to complete the background, the Court has amalgamated the factual bases for the motions.

3

the Defendant's failure to appear to prove its case and, therefore, it will present a sufficient factual predicate for the admission of evidence of flight. *Govt.'s Ob.* at 4.

### B. Prior Order, The Necessary Predicate, and Other Considerations

On January 11, 2008, the Court issued an Order on Mr. Kinsella's motion for severance in which it discussed the likely admissibility of evidence of flight. *Order on Severance* at 9-11. The law has not changed since January 11, 2008 and the Defendant has offered no sound basis for the Court to alter its view that flight evidence is likely admissible during the trial on the drug trafficking counts. The Court, therefore, refers to and incorporates its Order dated January 11, 2008 and adopts its reasoning in this ruling.

It is important to emphasize that this Order is premised on the Government's representation that it will produce "independent evidence establish[ing] his drug dealings" before attempting to admit evidence of flight. *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993). Whether the Government's evidence will be sufficient to establish the necessary predicate awaits trial. *Benedetti*, 433 F.3d at 116; *United States v. Otero-Mendez*, 273 F.3d 46, 53 (1st Cir. 2001); *United States v. Zanghi*, 189 F.3d 71, 83-84 (1st Cir. 1999).

To guide the parties, the Court makes the following observations. Here, the danger that the defendant's "flight was . . . merely an episode of normal travel" is not a concern. *Benedetti*, 433 F.3d at 116. Mr. Kinsella was bailed to Canada on these offenses with his express promise that he would return and then, after being arrested in Canada, he fought extradition.[2] Mr. Kinsella now stands convicted of the failure to appear charge and his refusal to return could hardly be the "guilt based solely on a defendant's meanderings" that concerned the First Circuit in *Benedetti*. *Id.*

---

[2] For example, this is not a situation where there is another pending charge of which the jury is unaware that could independently explain the defendant's absence. *See United States v. Wallace*, 461 F.3d 15, 25-26 (1st Cir. 2006).

Though at this point the Court is inclined to allow evidence of Mr. Kinsella's flight during the Government's case-in-chief, the Court has not finally concluded whether Mr. Kinsella's fear that he would not be accorded a fair trial justifies forcing the Government to use the evidence only in rebuttal. As Mr. Kinsella points out, the district court in *Benedetti* made a final decision mid-trial. As in *Benedetti*, if developments at trial open the door, the Government may be allowed to walk through it. *See id.* at 117 (noting that the defense's "repeated references to the nearly five-year gap between indictment and trial" during cross examination justified flight evidence to rebut an inference that the government had trumped up the charges). Therefore, the Government should not mention the flight evidence in its opening statement; before attempting to introduce evidence of flight, whether during the case-in-chief or rebuttal, the Government must approach sidebar to obtain a final ruling. *Id.* (stating that "in limine rulings are provisional").

Finally, as in *Benedetti*, the Court invites counsel to submit cautionary and jury instructions on the assumption that evidence of flight will be admitted. Judge Hornby's model instruction contains an excellent version of a final jury instruction. *See Judge Hornby's 2007 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit* § 2.10. In *Benedetti*, consistent with Judge Hornby's model instruction, the trial judge gave a cautionary instruction "explaining that the government was attempting to establish that the [defendant] had evinced a consciousness of guilt, but that it was up to the jury to determine what inference, if any, to draw from the testimony. The court also reminded the jury that the [defendant] was charged only with a firearms offense, not with fleeing from the law." *Benedetti*, 433 F.3d at 115-16. After closing arguments, the district court instructed the jury that "the government bore the burden of showing that the [defendant] had intentionally fled and that flight

5

does not create a presumption of guilt but, to the contrary, may be completely consistent with innocence." *Id.* at 116.

### III. CONCLUSION

The Court DENIES Arthur Michael Kinsella's Motion in Limine Re Flight Evidence (Docket # 169).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2008